UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

Case No. 2:06-cr-25
HON. R. ALLAN EDGAR

PATRICK HENINGBURG,

       Defendant.
_____/

**OPINION AND ORDER**

On September 6, 2006, an indictment was returned by the grand jury. The indictment states:

(Conspiracy to Distribute Cocaine Base)

From in or about November, 2004 to in or about January, 2005, in Delta County, in the Northern Division of the Western District of Michigan, and elsewhere, the defendant,

PATRICK HENINGBURG,

did combine, conspire, confederate, and agree with Martez Magee, John Collins, Angela Wandahsega, and other persons unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute five grams or more of a mixture or substance containing a detectable amount of cocaine base (crack cocaine), a Schedule II controlled substance.

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
21U.S.C. § 841(b)(1)(B)(iii)

Defendant has filed a motion for a bill of particulars. Defendant asserts that the indictment lacks specificity and he is unable to prepare his defense. Defendant asks for more specific information from the government. After this motion was filed, the government on March 1, 2007, provided defendant with 44 pages of discovery materials including police reports and a recording of a conversation that defendant had with a Michigan State Police detective. Federal Rule of Criminal Procedure 7(f) provides that the court may direct the filing of a bill of particulars "before arraignment," "within ten days after arraignment," or "at such later time as the court may permit." A motion for a bill of particulars is appropriate where the indictment fails to inform the accused of the offense with which he is charged. *United States v. Birmley*, 529 F.2d 103 (6th Cir. 1976). The general rules pertaining to bills of particulars were summarized by the Sixth Circuit as follows:

> A bill of particulars is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes. It is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial. Further, a defendant is not entitled to discover all the overt acts that might be proven at trial.
>
> The decision to order a bill of particulars is within the sound discretion of the trial court. . . .
>
> A court does not abuse its discretion by denying a bill of particulars in light of a detailed indictment. . . . A bill of particulars cannot be used to save an otherwise invalid indictment.

*United States v. Salisbury*, 983 F.2d 1369, 1375-1376 (6th Cir. 1993).

A defendant is not entitled to a bill of particulars with respect to information which is available through other sources. *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir.), *cert. denied*, 112 S. Ct. 315 (1991), and *cert. denied*, 112 S. Ct. 883 (1992). Nor is a bill of particulars

necessary where, although each and every predicate act is not listed, the indictment identifies the elements of the offense and sets forth a specific time frame in which the acts occurred. *Id.* In sum, the bill of particulars is not to be used as a general discovery device. *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971), *cert. denied*, 405 U.S. 936 (1972).

A review of the indictment in this matter leads the undersigned to conclude that the indictment is sufficiently specific to inform the defendant of the nature of the charges against him and to enable him to prepare for trial. Moreover, the defendant has been provided with additional information in the government's possession. Accordingly, defendant's motion for a bill of particulars (Docket #14) is denied.

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: March 20, 2007